**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| SCHNELL COLLINS, | § |
| | § |
| Plaintiff | § Case No.: |
| | § |
| v. | § **COMPLAINT AND DEMAND FOR** |
| | § **JURY TRIAL** |
| CAPITAL ONE AUTO FINANCE, INC., | § |
| | § **(Unlawful Debt Collection Practices)** |
| Defendant | § |
| | § |

## **COMPLAINT**

SCHNELL COLLINS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Houston, Texas 77057.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7. Defendant is a debt collection company located at 1680 Capital One Dr., McLean, VA 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant called Plaintiff on a repeated and continuous basis.

13. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system as Defendant's calls began with a delay or pause before speaking to one of Defendant's callers.

15. Defendant's telephone calls were not made for "emergency purposes."

16. A few months after the calls started, Plaintiff spoke to Defendant and instructed Defendant to stop calling her.

17. This was Plaintiff's method of revoking all prior consent to be contacted by Defendant on her cellular telephone.

18. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

19. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

20. Rather than restricting its calls to Plaintiff's cell phone number, Defendant continued to call her repeatedly.

21. Plaintiff found Defendant's incessant calls to be distressing, disturbing, intrusive and harassing throughout this time period.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

23. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

24. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

25. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

26. Despite the fact that Plaintiff revoked consent, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

27. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

28. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, SCHNELL COLLINS, respectfully prays for a judgment as follows:

    a.    Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    b.    Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SCHNELL COLLINS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: */s/ Amy L. B. Ginsburg*
    AMY L. B. GINSBURG, ESQUIRE
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888 ext. 167
    Fax: (877) 788-2864
    aginsburg@creditlaw.com

Date: August 2, 2019